IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF TENNESSEE

CAREY C. JOHNSON, JR.,            )
                                  )
        Plaintiff,                )
                                  )
VS.                               )        No. 11-3009-JDT-dkv
                                  )
SHELBY COUNTY, et al.,            )
                                  )
        Defendants.               )

---

ORDER GRANTING DEFENDANT'S MOTION
TO DISMISS AND/OR FOR SUMMARY JUDGMENT

---

Plaintiff Carey C. Johnson, Jr., filed a *pro se* complaint pursuant to 42 U.S.C. § 1983 and was granted leave to proceed *in forma pauperis*. On December 4, 2012, the court dismissed Shelby County as a defendant and ordered service of process for Officer Birdsong. Defendant Birdsong has filed a motion to dismiss and/or for summary judgment [DE# 14]. Plaintiff has not responded to the motion. For the reasons set forth below, Defendant's motion is GRANTED.

Because the court has considered evidence outside the pleadings, the motion will be treated as a motion for summary judgment. Summary judgment is appropriate "if the movant shows that there is no genuine issue as to any material fact and the movant is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(a). "[T]he burden on the moving party may be discharged by 'showing'–that is, pointing out to the district court–that there is an absence of evidence to support the nonmoving party's case." Celotex Corp. v. Catrett, 477 U.S. 317,

325 (1986).  Revised Rule 56(c)(1) provides that "[a] party asserting that a fact cannot be or is genuinely disputed" is required to support that assertion by:

(A)     citing to particular parts of materials in the record, including depositions, documents, electronically stored information, affidavits or declarations, stipulations . . . , admissions, interrogatory answers or other materials;[1] or

(B)     showing that the materials cited do not establish the absence or presence of a genuine dispute, or that an adverse party cannot produce admissible evidence to support the fact.

"If a party fails to properly support an assertion of fact or fails to properly address another party's assertion of fact as required by Rule 56(c)" the district court may:

(1)     give an opportunity to properly support or address the fact;

(2)     consider the fact undisputed for purposes of the motion;

(3)     grant summary judgment if the motion and supporting materials–including the facts considered undisputed–show that the movant is entitled to it; or

(4)     issue any other appropriate order.

Fed. R. Civ. P. 56(e).

In Celotex Corp., the Supreme Court explained that Rule 56:

mandates the entry of summary judgment, after adequate time for discovery and upon motion, against a party who fails to make a showing sufficient to establish the existence of an element essential to that party's case, and on which that party will bear the burden of proof at trial.  In such a situation, there

---

[1] "A party may object that the material cited to support or dispute a fact cannot be presented in a form that would be admissible in evidence."  Fed. R. Civ. P. 56(c)(2).  Additionally, Rule 56(c)(4) specifically provides that "[a]n affidavit or declaration used to support or oppose a motion must be made on personal knowledge, set out facts that would be admissible in evidence, and show that the affiant or declarant is competent to testify on the matters stated."

can be "no genuine issue as to any material fact," since a complete failure of proof concerning an essential element of the nonmoving party's case necessarily renders all other facts immaterial. The moving party is "entitled to judgment as a matter of law" because the nonmoving party has failed to make a sufficient showing on an essential element of [his] case with respect to which [he] has the burden of proof.

477 U.S. at 322-23. In considering whether to grant summary judgment, "the evidence as well as the inferences drawn therefrom must be read in the light most favorable to the party opposing the motion." Kochins v. Linden-Alimak, Inc., 799 F.2d 1128, 1133 (6th Cir. 1986); see also Matsushita Elec. Indus. Co. v. Zenith Radio Corp., 475 U.S. 574, 587-88 (1986) (same).

A genuine issue of material fact exists "if the evidence [presented by the non-moving party] is such that a reasonable jury could return a verdict for the non-moving party." Anderson v. Liberty Lobby, Inc., 477 U.S. 242, 248 (1986).

The mere existence of a scintilla of evidence in support of the plaintiff's position will be insufficient; there must be evidence on which the jury could reasonably find for the plaintiff. The judge's inquiry, therefore, unavoidably asks whether reasonable jurors could find by a preponderance of the evidence that the plaintiff is entitled to a verdict[.]"

Id. at 252; see also Matsushita, 475 U.S. at 586 ("When the moving party has carried its burden under Rule 56[(a)], its opponent must do more than simply show that there is some metaphysical doubt as to the material facts." (footnote omitted)). However, the court's function is not to weigh the evidence, judge credibility, or in any way determine the truth of the matter. Liberty Lobby, 477 U.S. at 249. Rather, the inquiry is "whether the evidence presents a sufficient disagreement to require submission to a jury or whether it is so one-

3

sided that one party must prevail as a matter of law." Id. at 251-52.

The fact that Plaintiff did not respond does not require granting Defendant's motion. Nevertheless, if the allegations of the complaint are contravened by Defendant's evidence and Defendant is entitled to judgment as a matter of law on those facts, then summary judgment is appropriate. Smith v. Hudson, 600 F.2d 60, 65 (6th Cir. 1979).

Plaintiff was formerly confined at the Shelby County Criminal Justice Center.  He alleges that Defendant forgot to take him to medical for his insulin and medicine for four days in a row.  On the fourth day, Defendant stated, "Man I just forgot you[']r[e] not going to die right." Complaint at p. 2. Plaintiff allegedly asked if Defendant could take him, but Defendant refused because it was time for shift change.  Later that day, Plaintiff allegedly became very ill.

Defendant has presented the following evidence in support of his motion. Plaintiff's grievance, which was filed on June 23, 2011, states that he did not receive his insulin on June 18, 19, and 20. Def's Exhibit 1. The complaint states that, on June 24, 2011, "the guards" did not take him to get his insulin. Plaintiff never filed a grievance stating that Defendant failed to take him to get his insulin. Def's Exhibit 2. Furthermore, Defendant was not on duty where Plaintiff was housed on the dates specified in the grievance, other than working a shift on June 24, when he was not the officer assigned to transport inmates to other buildings. Def's Exhibit 4.

Under the Prison Litigation Reform Act ("PLRA), an inmate seeking to maintain an action challenging prison conditions must first exhaust all available administrative remedies.

4

42 U.S.C. § 1997e (a). As the Sixth Circuit has explained:

> A natural reading of the statute suggests that its application requires consideration of three simple questions. First, is plaintiff "a prisoner confined in [a] jail, prison, or other correctional facility?" If not, the statute is inapplicable. If so, a second question must be considered: Is the plaintiff suing under § 1983 respecting "prison conditions?" If not, the statute is inapplicable. If so, a third question must be considered: Did plaintiff exhaust "such administrative remedies as [were] available" before plaintiff "brought" his action? If question three is answered in the negative, plaintiff is in violation of the statute and the court is required to dismiss plaintiff's suit.

Cox v. Mayer, 332 F.3d 422, 424 (6th Cir. 2003). The duty to exhaust administrative remedies before filing suit "applies to all inmate suits about prison life, whether they involve general circumstances or particular episodes, and whether they allege excessive force or some other wrong." Porter v. Nussle, 534 U.S. 516, 532 (2003). Moreover, the PLRA requires proper exhaustion; accordingly, before initiating a lawsuit, the prisoner must comply "with an agency's deadlines and other critical procedural rules." Woodford v. Ngo, 548 U.S. 81, 90 (2006).

Failure to exhaust administrative remedies under the PLRA is an affirmative defense that must be proved by the defendant. Jones v. Bock, 549 U.S. 199, 212 (2007). Inmates are not required to plead or demonstrate exhaustion in their complaints. Id. Under Jones, the plaintiffs are not required to allege with specificity the facts relating to their grievances. See Shire v. Greiner, 2007 WL 840472, at *11 (S.D.N.Y.) (because defendants did not offer any proof that plaintiff failed to exhaust remedies, "they have failed to meet their evidentiary burden and cannot rely on the PLRA exhaustion requirement as a basis for the dismissal of any of [plaintiff's] claims"). Moreover, a plaintiff who files a complaint while a prisoner but

who is later released must still satisfy the exhaustion requirement under the PLRA.  Cox v. Mayer, 332 F.3d 422, 424 (6th Cir. 2003).

Additionally, a prisoner must specifically mention the involved parties in the grievance to make prison officials aware of the problems so that the prison has a chance to address the claims before they reach federal court. Bell v. Konteh, 450 F.3d 651, 653 (6th Cir. 2006); Curry v. Scott, 249 F.3d 493, 505 (6th Cir. 2001); accord Harbin-Bey v. Rutter, 420 F.3d 571, 581 (6th Cir. 2005); Burton v. Jones, 321 F.3d 569, 574-75 (6th Cir. 2003); Vandiver v. Martin, 2002 WL 31166925, at *2 (6th Cir.) ("The issues [plaintiff] may raise, and the defendants he may name, in his lawsuit are limited to the specific issues raised, and the specific individuals mentioned, in his grievance.").

In the present case, Defendant has properly presented the affirmative defense of failure to exhaust administrative remedies under the PLRA. It is undisputed that Defendant was not named in Plaintiff's grievances. It is also undisputed that he was not the transport officer (and on some dates was not on duty) on any of the dates that Plaintiff allegedly did not receive proper medical care. Consequently, Defendant is entitled to summary judgment.

The clerk is directed to enter judgment accordingly.

IT IS SO ORDERED.


 s/ **James D. Todd**
JAMES D. TODD
UNITED STATES DISTRICT JUDGE

6